IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA SAWYER, DARREN STEELE, RENEE GUSTAFSON, and LAWRENCE GREEN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06 C 5907 Wayne R. Andersen |
| JIM NICHOLSON, in his Official Capacity as Secretary of the Department of Veterans Affairs, JERRY BROWN, in his individual capacity, JAMES LAMPADA, in his individual capacity, MICHELLE BLAKELY, in her individual capacity, JOHN SMITH, in his individual capacity, NATALIE DUNN, in her individual capacity, GERALDINE WEBB, in her individual capacity, and UNKNOWN AND UNNAMED CO-CONSPIRATORS in their individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) | District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant Jim Nicholson's motion to dismiss five of the eleven counts of the complaint, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6). For the following reasons, the defendant's motion to dismiss Counts I, VIII, IX, X, and XI is granted in part, and denied in part.

BACKGROUND

The following allegations are taken from plaintiff's first amended complaint. The plaintiffs and defendants in this case were, at all times relevant to, employed by the Department of Veterans Affairs ("the Department") and worked at a police services unit that provided

security services to the Jesse Brown VA Medical Center ("Medical Center") and to the Office of Veterans Affairs, located in Chicago, Illinois.

Plaintiff Sawyer worked for the Department as a secretary to defendant Jerry Brown, police chief at the Medical Center. Brown had supervisory authority over each plaintiff. Sawyer alleges that she was falsely accused of misusing government property after she complained of Brown's explicit comments and behavior while on the job. Because of her complaints, Sawyer claims that she was relieved of many job duties, and had her purchase records audited. After filing an Equal Employment Opportunity ("EEO") complaint, she was reassigned again to Facilities Management Service where she claims she was physically threatened and repeatedly charged with various violations. She was then reassigned to the Logistics Department where she was also allegedly harassed, threatened, and forced to work with extremely ill patients even though she was pregnant.

Plaintiff Steele, a police officer, alleges that after he cooperated with investigators regarding other employee's EEO complaints, he experienced false accusations of patient abuse, suspensions, job reassignments, and had his weapon taken away.

Plaintiff Gustafson was originally a police officer in the police services unit at the Medical Center, but was later promoted to a police supervisory position at the Office of Veterans Affairs. Gustafson alleges that she was improperly suspended, pressured to change her testimony, and denied mandatory supervisory training after she was a witness on behalf of another employee who was being unlawfully investigated.

Plaintiff Green, a police officer, alleges that he was delayed in receiving a promotion to VA Supervisory Police Officer, as was guaranteed to him as part of an EEO settlement with his employer. Additionally, he claims to have been wrongly cited for unprofessional conduct,

forced to write altered reports, forced to write false reports, repeatedly disciplined for false reasons, threatened, and ultimately demoted after filing another EEO complaint.

In Count I, the plaintiffs state that the defendants unlawfully conspired against them, in violation of 42 U.S.C. § 1985 ("Section 1985"), in an effort to deprive plaintiffs of due process and equal protection under the law. Plaintiffs allege that defendants Brown, Blakely, Lampada, Smith, Dunn, and Webb had a common plan and conspired against them by taking arbitrary and wrongful actions against employees who filed or participated in protected activities, which generally consisted of EEO complaints against Chief of Policy Brown. Such actions consisted of interfering with plaintiffs' terms and conditions of employment, and ultimately depriving the plaintiffs of their due process rights as federal employees and equal protection.

In Count VIII, a state supplemental claim, plaintiff Green alleges that defendant Nicholson breached a contract that they expressly entered into as part of an EEO settlement agreement. As part of this contract, Green was to be promoted to a supervisory position, which included a pay increase, and, in return, Green would withdraw any claims against Nicholson. Nicholson allegedly breached this contract when he first delayed giving Green the promotion, and subsequently demoted Green in violation of the agreement.

Counts IX, X, and XI involve former Plaintiff Donna Watkins, who voluntarily dismissed claims alleging false imprisonment, false arrest, and malicious prosecution on May 14, 2007 [16].

The plaintiffs also allege numerous Title VII violations, none of which are challenged by way of this motion to dismiss (Counts II-VII).

DISCUSSION

In review of this motion to dismiss, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002).

A.  ***Bivens*/Section 1985 Claims (Count I)**

In addressing Count I of the plaintiffs' first amended complaint, we look at whether the plaintiffs can maintain a *Bivens* claim under the First, Fifth, and Fourteenth Amendments, claims for relief under Section 1985 and Title VII. A *Bivens* claim allows damages to be obtained for injuries consequent upon constitutional violations by federal officials. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Having reviewed the parties' arguments and the law governing this issue, the court concludes that Title VII provides the exclusive remedy for the plaintiff's actions, and therefore dismisses the allegations in Count I. *Coe v. NLRB*, 40 F.Supp.2d 1049, 1053 (E.D. Wis. 1999).

Section 1985 provides for the recovery of damages by a party who is injured as a result of a conspiracy to deprive any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws. *Dickerson v. Alachua County Com'n*, 200 F.3d 761 (11th Cir. 2000); 42 U.S.C. § 1985(3). Further, a plaintiff may recover damages if he is injured as a result of a conspiracy to deter, by force, intimidation, or threat, any person from testifying to any matter pending within any court of the United States. 42 U.S.C. § 1985(2). In the present case, the plaintiffs allege violations of their rights under Section 1985(2) and (3) based on wrongs that occurred to them within the context of their employment relationships.

Such rights are created and protected by way of the remedial scheme of Title VII of the Civil Rights Act of 1964.

The Supreme Court noted that "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Dickerson*, 200 F.3d 761, 766, quoting *Great American Federal Savings & Loan Ass'n. v. Novotny*, 442 U.S. 366, 378 (1979). The Supreme Court proceeded to hold that Section 1985 may not be used to enforce rights created by Title VII. *Dickerson*, 200 F.3d at 766, quoting *Novotny*, 442 U.S. at 378. The Supreme Court reasoned that to hold otherwise and allow plaintiffs to use Section 1985 to enforce rights created under Title VII would impair the effectiveness of Title VII's comprehensive remedial scheme. *Dickerson*, 200 F.3d at 766, quoting *Novotny*, 442 U.S. at 378.

While Count I is a constitutional claim, not all such claims may be brought before the federal courts. *Richards v. Kiernan*, 461 F.3d 880, 883 (2006). In some cases, Congress has established comprehensive administrative bodies with broad remedial powers to resolve all contested matters before them. *Id.* By creating the Civil Service Reform Act of 1978 ("CSRA"), which provides a comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions, Congress implicitly repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment. *Id.* The Seventh Circuit has held that, "[t]here is no question but that the CSRA provides the exclusive remedy for an alleged constitutional violation (including an alleged First Amendment violation) arising out of federal employment." *Richards*, 461 F.3d at 885 (*citing Bush v. Lucas*, 462 U.S. 367, 368 (1983) (citations omitted)).

Within the framework of the CSRA, Congress gave exclusive jurisdiction over civil service personnel disputes to the Merit Systems Protection Board ("MSPB"). *Paige v. Cisneros*,

5

91 F.3d 40, 42 (7th Cir. 1996); *see also Ruben v. Potter*, No. 06-C-2441, 2007 WL 2875674, at *3 (N.D. Ill. Sept. 28, 2007); *United States v. Fausto*, 484 U.S. 439, 449 (1988); *Ayrault v. Pena*, 60 F.3d 346, 348 (7th Cir. 1995). Given that this framework exists, the courts must accord respect to the administrative system established by statute for reviewing federal personnel actions. *Paige*, 91 F.3d at 42. It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Ruben*, 2007 WL 2875674, at *3 (*citing Convertino v. U.S. Dep't of Justice*, 393 F.Supp.2d 42, 45 (D.D.C. 2005)). In sum, the court has held that "by creating a comprehensive review system the CSRA implicitly repealed the jurisdiction of federal district courts over personnel actions of a type appealable to the MSPB." *Ruben*, 2007 WL 2875674, at *4 (*citing Paige*, 91 F.3d at 43). For these reasons, the defendant's motion to dismiss is granted with regards to Count I.

B. *Breach of Contract (Count VIII)*

Count VIII of the plaintiffs' complaint alleges breach of contract, as it relates to the employment relationship between plaintiff Green and VA Secretary Nicholson. The context of the facts surrounding the breach of contract can be described as allegations of an adverse personnel decision. For the reasons stated above in regards to the CSRA framework for handling civil service employees faced with adverse personnel decisions, we grant defendant's motion to dismiss with regards to Count VIII.

C. *Watkins Claims (Counts IX, X, and XI)*

Counts IX, X, and XI state allegations that only applied to plaintiff Watkins who voluntarily dismissed all of her claims in this case. For that reason, the defendant's motion to dismiss with regards to Counts IX, X, and XI is denied as moot.

*D. Defendants*

Since all claims against defendants Brown, Lampada, Blakely, Smith, Dunn, Webb, and Unknown and Unnamed Co-Conspirators have been dismissed by this motion, the only remaining defendant in this case is Nicholson.

## **CONCLUSION**

For all the reasons stated above, defendant's motion to dismiss [22] is granted for Counts I and VIII, and denied as moot for Counts IX-XI. The only remaining claims in this case are Counts II-VII.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Date: October 19, 2007